UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAUN FOGLE,

        Plaintiff,

vs.                                    Case No.   2:06-cv-278-FtM-29DNF

C. LANDRUM; S.L. WINDLAND; C.P. LAMBLIN; J. BASS; D. SNIDER,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the Motion to Dismiss filed on behalf of Defendants Windland and Snider (Doc. #36) and subsequently joined by Defendant Landrum.[1] (Doc. #45.) Plaintiff filed a Response in opposition to the Motion to Dismiss. (Doc. #41.) This matter is ripe for review.

**I.**

Plaintiff, who is proceeding *pro se* and currently in the custody of the Florida Department of Corrections, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. #1.) In compliance with the Court's Order (Doc. #10), Plaintiff filed an

---

[1]Service of process remains unexecuted on Defendant Bass. See U.S. Marshal's form at Doc. #39. A docket entry dated June 20, 2007, indicates that Defendant Lamblin has received service of process. Doc. #48.

Amended § 1983 Complaint (Doc. #13) (hereinafter "Amended Complaint") on August 3, 2006. The Amended Complaint alleges that the Defendants Windland and Landrum applied excessive use of force by using chemical agents on Plaintiff in violation of the Eighth Amendment to the United States Constitution. The Amended Complaint names the following Defendants: C. Landrum, S.L. Windland (Sergeant, Charlotte Correctional), R.L. Cain (Sergeant, Charlotte Correctional), D. Snider (Lieutenant, Charlotte Correctional), J. Bass (Captain, Gainesville Correctional), C. P. Lamblin (Warden, Okeechobee Correctional). Amended Complaint at 6-7. Specifically, the Amended Complaint alleges that on June 29, 2004, after receiving authorization from Defendant Lamblin, Defendants Windland and Landrum sprayed chemical agents on Plaintiff. Id. at 9-10. On that same day, Defendant Windland wrote Plaintiff a disciplinary report for disorderly conduct indicating that chemical agents were used to gain control of Plaintiff. Id., Exh. 1 at 7. The Amended Complaint names Defendants Snider, Bass, and Cain[2] because they watched the named-defendants use chemical agents on Plaintiff from the control room, but did not intervene. Amended Complaint at 10.

**II.**

Defendants Windland, Snider, and Landrum filed a Motion to Dismiss, contending *inter alia* that the Court should dismiss this

---

[2]Plaintiff voluntarily dismissed Defendant Cain after the Court directed Plaintiff to provide an accurate address for the Defendant for service of process. See Doc. #37, Order at Doc. #46.

action because Plaintiff failed to avail himself of the administrative remedies. Mot. to Dismiss at 4-7. Specifically, Defendants assert that the face of the Complaint demonstrates that Plaintiff failed to file an appeal to the Secretary of the Florida Department of Corrections because Plaintiff checked the "no" box on the Complaint form in response to whether he filed an appeal to the Secretary of the Department of Corrections. Id. at 7. In Response to the Motion to Dismiss, Plaintiff again admits that he did not exhaust his administrative remedies. Response at 3. Plaintiff states that "he did not move to the next grievance step" and explains that he did not appeal because he was awaiting to hear the outcome from the investigation conducted by the Office of the Inspector General. Id. Because the Court finds that Plaintiff did not exhaust his available administrative remedies, the Court will not address the remaining arguments raised by the Defendants, including *inter alia,* sovereign and qualified immunity.[3]

---

[3]After Defendants filed their Motion to Dismiss, Plaintiff filed a motion for voluntary dismissal of the official capacity claims. (Doc. #40.)  Plaintiff, noting that he specifically named the Defendants in both their official and individual capacities, states that he wishes to voluntarily dismiss the official capacity claims, but proceed with the individual capacity claims. Id. at 2. Federal Rule of Civil Procedure 41(a)(1)(i), permits a party to voluntarily withdraw an action **without order of court before an answer or motion for summary judgment** has been served by the adverse party. Fed. R. Civ. P. 41(a)(1)(i) (emphasis added).  Because Defendants have filed only a motion to dismiss, Plaintiff may voluntarily dismiss the official capacity claims without a Court order. Based on Plaintiff's voluntarily dismissal, Defendants' Eleventh Amendment immunity
(continued...)

**III.**

With respect to exhaustion of administrative remedies, section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted.***

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the

[3](...continued) argument is no longer relevant.

PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought-- i.e. monetary damages--is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000). There is no futility or inadequacy exceptions to the requirement that inmates exhaust their administrative remedies. Simpson v. Holder, 2006 WL 2430001 *3

(11th Cir. 2006), cert. denied, 127 S. Ct. 1390 (2007); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (affirming district court's dismissal for failure to exhaust in spite of inmate's arguement that his appeal would have been untimely and as such never filed an appeal).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S. Ct. 910, 919-921 (2007). Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id. at 921.

Here, Defendants argue that Plaintiff failed to exhaust his administrative remedies as indicated by Plaintiff's response on the Amended Complaint. In Response to the Defendants' Motion to Dismiss, Plaintiff admits that he did not exhaust his administrative remedies and explains that he did not proceed with his administrative remedies because he was awaiting an outcome from the Office of the Inspector General. Plaintiff contends that he exhausted his administrative remedies because any future grievances or appeals would have been deemed untimely. Response at 4.

The Florida Department of Corrections (hereinafter "Department") is statutorily mandated to implement "rules relating to . . . grievance procedures which shall conform to 42 U.S.C. § 1997e. Fla. Stat. §944.331. As such, the Department has established an inmate grievance procedure for all inmates in their custody. Fla. Admin. Code 33-103.001-019. Specifically, the Department provides inmates with a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Id. at 33-103.005-.006. Informal grievances are to be filed "within a reasonable time" of the date of the incident. Id. at 33-103.011(1)(a). Reasonableness is determined on a case by case basis considering the certain factors such as the availability of witnesses and evidence. Id. Inmates must file a formal grievance within fifteen days from which the informal grievance was responded to; or, within fifteen days of the date of the incident if the grievance is used to initiate the grievance process. Id. If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Department within fifteen days from the date of the response to the formal grievance. Id. at 33-103.007, 33-103.011(c). "An extension of the above-stated time periods shall be granted when it is clearly demonstrated by the inmate to the satisfaction of the

reviewing authority . . . that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner." Id. at 33-103.011(2).

The Court finds that Plaintiff failed to exhaust his administrative remedies because he did not file an appeal to the Secretary of the Department of Corrections. Plaintiff's explanation that he did not file an appeal because an appeal would have been untimely after he waited on the outcome from the Office of the Inspector General's does not excuse Plaintiff from exhausting his administrative remedies. E.g. Harper, 179 F.3d at 1312. Plaintiff did not file an appeal to the Office of the Secretary and as such did not exhaust his administrative remedies.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss (#36, #45) is **GRANTED.**

2. Plaintiff's Amended Complaint (Doc. #13) is **DISMISSED WITHOUT PREJUDICE** as to all the Defendants.

3. The Clerk of Court shall terminate the pending motions, except Doc. #49, enter judgment accordingly, close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 25th day of June, 2007.

JOHN E. STEELE
United States District Judge

SA: alj  
Copies: All Parties of Record

Case 2:06-cv-00278-JES-DNF   Document 50   Filed 06/25/07   Page 9 of 9 PageID 220